IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO R. BARRIENTOS, | Case No. 12-4653-SC |
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| CITIMORTGAGE, INC., and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff Antonio R. Barrientos ("Plaintiff") filed a complaint in California Superior Court on July 26, 2012, which Defendant CitiMortgage, Inc. ("Defendant") timely removed to this Court. ECF No. 1 ("Not. of Removal") Ex. A ("Compl."). On September 17, Defendant moved to dismiss Plaintiff's complaint. ECF No. 18 ("MTD"). Plaintiff failed to file a response, either before or after the October 1 deadline to do so. On October 3, Defendant filed a notice of nonopposition. ECF No. 15. On November 8, the Court ordered Plaintiff to show cause why his action should not be dismissed for failure to prosecute. ECF No. 18 ("OSC").

On November 15, 2012, Plaintiff's counsel timely responded to the OSC. ECF No. 19 ("OSC Response"). Counsel explains that he had "a family emergency during the time to file a timely opposition." Id. at 2. He does not explain, however, why he did not move for leave to file a late response -- or communicate with

the Court at all -- in the five weeks following Defendant's filing of its notice of nonopposition.  That notice surely alerted Plaintiff's counsel to the fact that he needed to take action to save his client's case.  He needed at least to ask a colleague to take over for him.  Counsel apparently did neither.  His inaction makes his response to the OSC implausible.  Rather than excusing the failure to prosecute, counsel's response confirms it.

Counsel's inaction might not, by itself, supply sufficient reason to dismiss the case, even though the motion to dismiss remains unopposed.  However, the Court observes that the motion to dismiss has merit.  Plaintiff's complaint sets forth six claims: (1) breach of contract, (2) fraud, (3) negligence, (4) intentional tort, (5) a request to either force a loan modification or dissolve Plaintiff's existing loan in light of California's passage of the Foreclosure Prevention Act, and (6) declaratory and injunctive relief.  The first four claims are preempted by HOLA to the extent they seek to impose additional disclosure requirements on Defendant.  See, e.g., Gonzalez v. Wells Fargo Bank, 5:12-CV-03842 EJD, 2012 WL 5350035, at *5-6 (N.D. Cal. Oct. 29, 2012). Additionally, the first claim (breach of contract) fails because it is barred by the statute of frauds.  Plaintiff alleges an "implied" agreement to modify the terms of his loan.  Compl. ¶ 12.  However, real estate loan modification contracts, like the initial loan contract, come within the statute of frauds.  See Meadows v. First Am. Tr. Servicing Solutions, LLC, 11-CV-5754 YGR, 2012 WL 3945491, at *2-3 (N.D. Cal. Sept. 10, 2012).  Therefore, Plaintiff's claim for breach of an implied loan modification contract fails as a matter of law.

1   The second, third, and fourth claims are all premised on a single idea: that Defendant never intended to make good on its (purportedly contractual) implied promises to modify Plaintiff's loan and that its breach of those implied promises therefore was tortious.  California's economic loss rule bars such claims, which seek to transform run-of-the-mill contract actions into tort claims subject to punitive damages.  See <u>JMP Sec. LLP v. Altair Nanotechnologies Inc.</u>, --- F. Supp. 2d ---, 2012 WL 3010965, at *10-11 (N.D. Cal. 2012).  As for Plaintiff's fifth claim, it merely points out California's policy in favor of loan modification and urges the Court, in light of that policy, to exercise its equitable powers to force a loan modification or, alternatively, dissolve the current loan.  <u>See</u> Compl. ¶ 27.  The Court declines to do either in the absence of a legal claim entitling Plaintiff to such relief. Lastly, Plaintiff's sixth "claim" for declaratory and injunctive relief is actually a prayer for such relief.  Accordingly, it fails in the absence of a viable legal claim upon which such relief could be granted.

Because each of Plaintiff's claims fails as a matter of law, the Court GRANTS Defendant's unopposed motion to dismiss and dismisses Plaintiff's complaint WITH PREJUDICE.

IT IS SO ORDERED.

Dated:   November 26, 2012                    _____
                                              UNITED STATES DISTRICT JUDGE